This is an ejectment proceeding in which the plaintiff, as lessor, seeks to have the defendant, the lessee, dispossessed of leased property consisting of five acres of land with improvements thereon in La Salle Parish, La.
Plaintiff alleged that he leased the property to defendant in June, 1943, for $10 per month and that no term for the contract's existence was fixed. In other words, his position is that the contract was by the month and was terminable at his will.
On June 12, 1945, plaintiff gave defendant a ten-day written notice to vacate the leased premises. He took the position that the law governing a lease of urban property was applicable. A rule to show cause why defendant should not vacate the property issued on July 2, 1945, and came to trial on July 20th. Defendant filed several exceptions and pleas, all of which were overruled. They are urged here. He then answered, reserving all rights under the overruled exceptions and pleas. The gravamen of his defense is that he leased the property from plaintiff on a yearly basis for $120 per year, payable $10 per month; that he was entitled to hold and possess the leased premises until the end of the year, 1945, since no legal cause existed for dissolution of the lease prior to that time.
In this court appellee has moved to dismiss the appeal on two grounds, to-wit:
1. That this court is without jurisdiction ratione materiae, even though appellant's contention as regards the term and character of the lease be conceded, because his possession thereunder could not extend beyond December 31, 1945, a period of less than six months from the time the suit was filed; that the value of such right of possession would be the amount of rent due for that period, or $60.
2. That appellant has vacated the leased premises, which are now in appellee's possession, thus acquiescing in the judgment from which appealed, and rendering moot the question of plaintiff's right to dispossess the defendant prior to December 31, 1945.
If the plea to the jurisdiction is found to be good, the motion to dismiss for the other assigned reasons will not be passed upon.
Appellant's counsel, in brief, admits that appellant has moved from the leased premises and that possession thereof has been surrendered to appellee, but adds that in vacating the property he was not influenced by nor was his action accelerated by the ejectment proceedings.
It seems clear to us that this court is without jurisdiction of this appeal. The ejectment suit could have been filed in the Justice of the Peace Court of the ward in which the leased property is situated, or in the District Court, as was done. These courts have concurrent jurisdiction of the subject matter tendered by the suit. Sections 35 and 48 of Article VII of the Constitution. And it is provided in Section 29 of Article VII of the Constitution, wherein the appellate jurisdiction of the Courts of Appeal is defined, that:
"The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the *Page 406 
District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved * * *."
For the reasons herein assigned, this appeal is dismissed at appellant's cost.